NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MINE ROLAND, | |
|              Petitioner, | Civil Action No. 16-4481 (ES) |
| v. | OPINION |
| CHARLES L. GREEN, | |
|              Respondent. | |

**SALAS, DISTRICT JUDGE**

Petitioner Ronald Mine ("Petitioner")[1] is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Essex County Correctional Facility in Newark, New Jersey. On July 20, 2016, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention pending removal. (D.E. No. 1, Petition ("Pet")). For the reasons stated below, the Court will dismiss the Petition.

**I.    BACKGROUND**

Petitioner is a native and citizen of Haiti. (D.E. No. 6, Respondent's Answer ("Answer"), Ex. 1 at 3, Notice to Appear). He was admitted to the United States in New York, New York, on or about November 17, 1974, as a lawful permanent resident. (*Id.*). On February 5, 1999, Petitioner was convicted in New Jersey Superior Court, Middlesex County, for the offense of Possession with Intent to Distribute [cocaine] on or within 1,000 Feet of School Property, in

---

[1] The Court notes that because the Petition refers to Petitioner as "Mine Roland," the docket is also incorrectly captioned as "Mine Roland" instead of Roland Mine. (*See* D.E. No. 1 at 1).

violation of N.J. Stat. Ann. § 2C:35-7.  (*Id.*, Ex. 2 at 3, Judgment of Conviction (1999)).  On November 30, 2009, Petitioner was convicted in New Jersey Superior Court, Middlesex County, for the offense of Possession with Intent to Distribute [cocaine], in violation of N.J. Stat. Ann. 2C:35-5a(1) & 2C:35-5b(2).  (*Id.*, Ex. 1 at 3; Ex. 3, Judgment of Conviction (2009)).  On November 24, 2015, ICE officials arrested Petitioner.  (Pet. ¶ 3).  That same day, ICE served Petitioner with a Notice to Appear, charging him with two grounds of removability: (1) that he is an alien who, at any time after admission, was convicted of an aggravated felony, under 8 U.S.C. § 1227(a)(2)(A)(iii); and (2) that he is an alien who, at any time after admission, was convicted of a controlled substance offense other than a single offense involving possession for one's own use of 30 grams or less of marijuana, under 8 U.S.C. § 1227(a)(2)(B)(i).  (Answer, Ex. 1 at 3).

On December 15, 2015, Petitioner appeared for the first hearing in his removal proceedings.  (Answer, Ex. 4, Decl. of Yolanda English ("Decl.") ¶ 4).  The hearing was continued to January 20, 2016, to allow more time for Petitioner to obtain counsel.  (*Id.* ¶¶ 4-5). On January 20, 2016, March 2, 2016, and April 20, 2016, Petitioner appeared for his immigration court hearings but requested and received a second, third, and fourth continuance to seek representation.  (*Id.* ¶ 5).  On May 24, 2016 and June 29, 2016, Petitioner appeared for his immigration court hearings but requested and received a fifth and sixth continuance to provide him with time to complete and file an asylum application.  (*Id.* ¶ 6).  On July 20, 2016, Petitioner appeared for his immigration court hearing for a master calendar hearing.  (*Id.* ¶ 7).  This hearing was adjourned from a master calendar hearing to an individual merits hearing.  (*Id.*).

On September 29, 2016, Petitioner appeared for his immigration court hearing, during which an immigration judge denied his application for asylum and ordered him removed; he reserved the right to appeal to the Board of Immigration Appeals.  (Answer, Ex. 5 at 2, Order of

the Immigration Judge, Matter of Ronald Mine (Sept. 29, 2016)).  Pursuant to a subsequent update from Respondent, on February 10, 2017, the Board of Immigration Appeals denied Petitioner's appeal and his removal order became final.  (D.E. No. 7).

On July 20, 2016, before the Board of Immigration Appeals denied his appeal and his removal order became final, Petitioner filed the instant Petition challenging his prolonged detention.  (D.E. No. 1).  Pursuant to an Order from this Court, on October 5, 2016, Respondent filed an Answer.  (D.E. No. 6).  Petitioner did not file a reply.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

The Court has subject matter jurisdiction over this Petition under § 2241, because Petitioner (1) was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, *see Spencer v. Lemna*, 523 U.S. 1, 7 (1998) and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 49-–95, 500 (1973); and (2) asserts that his detention is not statutorily authorized, *see Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015); *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011).

**B. Analysis**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on-
>
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
> (B) conditional parole; . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to 8 U.S.C. § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,

>(C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
>
>(D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
>
>when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

*Id.* § 1226(c)(1).

"Post-removal-order" detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

>(i) The date the order of removal becomes administratively final.
>
>(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
>(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six

5

months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Specifically, the Supreme Court determined:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Here, Petitioner became subject to a final order of removal on February 10, 2017, during the pendency of this matter, when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1(a). As of that date, Petitioner's detention ended under the pre-removal-order detention statute, 8 U.S.C. § 1226, and he is now detained under the post-removal-order detention statute, 8 U.S.C. § 1231. *See Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (stating that "insofar as [petitioner] challenges the lawfulness of his detention pursuant to § 1226(c), and he is no longer in custody pursuant to this statute, his appeal is moot and must be dismissed for lack of jurisdiction"). However, the ninety-day mandatory detention period set forth in § 1231(a)(1)(A) has not yet expired, and Petitioner is also therefore within the presumptively reasonable six-month period of post-removal immigration detention set forth in *Zadvydas*. As such, Petitioner's challenge to his post-removal-order immigration detention is premature and will be dismissed *without prejudice*. *Accord Grossett v. Muller*, No. 13–0364, 2013 WL 6582944, at *3 (D.N.J. Dec. 13, 2013) (noting

*Zadvydas* claim is premature if filed prior to expiration of six-month presumptively reasonable removal period); *Abdou v. Elwood*, No. 12-7720, 2013 WL 1405774, at *4 (D.N.J. Apr. 4, 2013) (same).

## III.     CONCLUSION

For the foregoing reasons, the Petition is dismissed *without prejudice*.  An appropriate Order accompanies this Opinion.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**
